IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>　　v.<br><br>$14,000.00 IN U.S. CURRENCY AND $8,000.00 IN U.S. CURRENCY,<br><br>　　Defendants. | CIVIL NO. 18- |

VERIFIED COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Hector E. Ramirez-Carbo, Assistant United States Attorney, Chief, Civil Division and Maritza González, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981; 21 U.S.C. § 881 (a) (6); 18 U.S.C. § 1956; 21 U.S.C. §§ 841, 843 (b) and 846.

DEFENDANT IN REM

2. The defendant property seized by United States Postal Inspection Service ("USPIS") agents consists of $14,000.00 in U.S. Currency and $8,000.00 in U.S. Currency.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States

1

28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355; and over this particular action pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881 (a) (6).

4. This Court has in rem jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355 (b) (1) (A) (acts and omissions giving rise to the forfeiture occurred in this district) and § 1355 (b) (1) (B) (the defendant property is found in this district).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355 (b) (1) (A) (acts and omissions giving rise to the forfeiture occurred in this district) and § 1395 (the defendant property is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. § 981 – Civil Forfeiture; 21 U.S.C. § 881 (a) (6) – Forfeitures; 18 U.S.C. § 1956 – Laundering of Monetary Instruments; and 21 U.S.C. § 841 – Prohibited acts A, § 843 (b) – Communication Facility and § 846 – Attempt and conspiracy.

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the 28 U.S.C. § 1746 unsworn declaration of the USPIS, Postal Inspector, Brian C. Thompson attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that

the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 15th day of June 2018.

ROSA EMILIA RODRIGUEZ-VELEZ<br>
United States Attorney

*s/ Hector E. Ramirez-Carbo*
**Hector E. Ramirez-Carbo**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. # 214902
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Hector.e.ramirez@usdoj.gov

*S/ M Gonzalez*
**Maritza González-Rivera**
Assistant U.S. Attorney
U.S.D.C. #208801
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico  00918
Tel. (787 766-5656
Fax. (787) 771 4050
Maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza González, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the (USPIS); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 15th day of June 2018.

*S/M Gonzalez*
Maritza González-Rivera
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Brian C. Thompson, SA, declare as provided by 28 U.S.C. § 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 15th day of June 2018.

Brian C. Thompson
U.S. Postal Inspector
USPIS

4

<u>UNSWORN DECLARATION UNDER PENALTY OF PERJURY</u>
Title 28 United States Code 1746

INTRODUCTION

I, Brian C. Thompson, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

PROFESSIONAL BACKGROUND

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the Newark Division, San Juan Field Office, located in Guaynabo, Puerto Rico, and have so been employed since March 2006. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection to the U.S. Postal Service ("USPS"), property of the USPS and other postal offenses, as set forth in 18 U.S.C. § 3061. As such, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510 (7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection to the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of 18 U.S.C. §§

922 (a) (1) (a) & (a) (3), and 1715, and 21 U.S.C.§§ 841 (a) (1), 843(b), and 846.  As a Postal Inspector, I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 U.S.C. §§ 981, 982, 1956, and 1957, and 31 U.S.C. § 5325.  Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States.  While conducting investigations relative to the mailing of firearms, narcotics and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a) (6) of Title 21 of the United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation.  The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation.  All observations that were not personally made by me were relayed to me by other law enforcement officers as a result of my personal participation in the investigation of Luz D. Zayas, Maria Zayas, Sebastian Denton, Bernie Cintron, and others; through information

obtained from other law enforcement agencies, witnesses and reliable sources, I am familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED

This unsworn declaration is offered in support for the forfeiture of the following asset seized during the aforementioned enforcement actions:

- U.S. Currency in the amount of fourteen thousand dollars ($14,000.00) and eight thousand dollars ($8,000.00).

## INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1. The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds.

2. The drug traffickers know that both the U.S. Mail and the Express and Priority Mail are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant.

3. That drug traffickers discern that by using Priority Mail Express and Priority Mail with

Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement.

4. That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Florida frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Florida.

5. That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service.

6. That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances transferring the odor to the packaging materials.

7. That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine.

8. That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments.

9. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

10. Postal Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments.

## FACTS

On February 21, 2018, at the USPS General Post Office located in San Juan, Puerto Rico, two Priority Mail Express parcels bearing the same return address but different sender's names, mailed the same date, and mailed from different U.S. Postal Service locations within the same city; were identified by Postal Inspectors as meeting the initial suspicious characteristics of narcotics mailings.

Priority Mail Express parcel EL923025274US (PARCEL #1), was addressed to "Sebastian Denton, Treasure Island Gardens #12, Cidra, PR 00739," with return address of "Maria Zayas, 7145 Sugarbin St., Orlando, FL 32822." The subject parcel was a USPS Priority Express Mail box sealed with blue and white packaging tape. The parcel measured 12" x 12" x 6" and weighed approximately three (3) pounds and two (2) ounces. The parcel also had affix to it a USPS Postage Meter strip number R2303S100695-18 with the postage amount of $52.25, and was mailed from Kissimmee, Florida, dated February 20, 2018.

Priority Mail Express parcel EL923034599US (PARCEL #2), was addressed to "Bernie Cintron, Urb. Sabana del Palmear, 524 Calle Flamboyan, Comerio, PR 00782," with return address of "Sebastian Denton, 7145 Sugarbin St., Orlando, FL 32822," The subject parcel was a USPS

Priority Express Mail box sealed with blue and white packaging tape. The parcel measured 12" x 12" x 6" and weighed approximately three (3) pounds and two (2) ounces. The parcel also had affix to it a USPS Postage Meter strip number R2305E125904-86 with the postage amount of $52.25, and was mailed from Kissimmee, Florida, dated February 20, 2018.

On February 21, 2018, at the U.S. Postal Inspection Service facility, located in Guaynabo, Puerto Rico both subject parcels were placed for exterior examination by a narcotics detection canine from the U.S. Custom and Border Protection. According to the officer who handled the canine, "Filip" exhibited a change of behavior for each one of the parcels consistent with the presence of a controlled substance.

On February 26, 2018, Federal Search Warrant 18-277(SCC), dated February 22, 2018, was executed on Priority Mail Express parcel EL923025274US (PARCEL #1). The parcel was opened and found inside were one (1) pair of sneakers shoes, and one (1) (Nike) shoe box. Inside the (Nike) shoe box were bubble wrap, and one (1) USPS Priority Mail box. Inside the USPS Priority Mail box were two (2) vacuum sealed, carbon paper, plastic wrap, and duct taped bundles containing U.S. Currency in $20, $50 and $100 denomination totaling $14,000.00. The currency consisted mainly of $20 bills, making up 55% of the total amount of bills found in the parcel. There were no notes, receipts or instructions in the parcel.

On February 26, 2018, Federal Search Warrant 18-276(SCC), dated February 22, 2018, was executed on Priority Mail Express parcel EL923034599US (PARCEL #2). The parcel was opened and found inside were one (1) pair of sneakers shoes, and one (1) (Nike) shoe box. Inside the (Nike) shoe box were bubble wrap, and one (1) USPS Priority Mail box. Inside the USPS Priority Mail box were two (2) vacuum sealed, carbon paper, plastic wrap, dryer sheets and duct taped bundles

6

containing U.S. Currency in $20, and $50 denomination totaling $8,000.00. There were no notes, receipts or instructions in the parcel. The currency consisted entirely of $20 bills, making up 96% of the total amount of bills found.

According to the U.S. Postal Service Lee Vista Carrier Annex which serves the return address of both parcels, the address of 7145 Sugarbin St., Orlando, FL 32822, is recognized as a deliverable address. Per the postal manager, the sender of PARCEL #1, Maria Zayas, is a mail recipient at the address. It is unknown if the sender of PARCEL #2, Sebastian Denton, is a mail recipient at the address.

According to the U.S. Postal Service Cidra Main Office, the delivery address for PARCEL #1, Treasure Island Gardens #12, Cidra, PR 00739 is a deliverable address. The name of Sebastian Denton is recognized as a mail recipient for the address.

According to the U.S. Postal Service Comerio Main Office, the delivery address for PARCEL #2, Urb Sabana Del Palmar, 524 Calle Flamboyan, Comerio PR 00782, is recognized by the U.S. Postal Service as a deliverable address. Bernie Cintron is a mail recipient at the address.

On April 4, 2018, Probable Cause Verifications were approved by the Division Inspector Attorney for the seizure of $14,000.00 in U.S. currency found in parcel EL923025274US (PARCEL #1); and $8,000.00 found in parcel EL923034599US (PARCEL #2). Notices were sent to all interested parties on April 6, 2018. Internet advertisement was posted on April 9, 2018 in the Forfeiture.gov site for 30 consecutive days.

On April 20, 2018, the U.S. Postal Inspection Service, Asset Forfeiture Unit, received from Luz D. Zayas, PO Box 360539, San Juan PR 00936-0539, a valid Claim and a valid Petition for Remission or Mitigation for Asset 18-USP-000966, $14,000.00 in U.S. currency; and a valid Claim

for Asset 18-USP-000452, $8,000.00 in U.S. currency.

On her claim Zayas stated: *"Due to 2 (two) hurricanes, Irma and Maria, my husband does not work for several months, now we are out of money. I asked my family for help to my husband. He has been trying to do other things but it has been impossible. See account negatives attached we urgently need the money to pay our accounts. See account reports and loan monthly account we are looking for other alternatives now, like selling our house, but in the meantime a lot of days will pass. We tried alternatives but nothing work as of now we also request a SBA loan, but unfortunately was not approved. We do not qualify for FEMA either or PR government help."* A copy of a Santander loan account statement under the name of Wilfredo Denton Morales, was included with Zayas documents.

On April 26, 2018, a letter from the U.S. Postal Inspection Service in San Juan, was sent to Luz D. Zayas, PO Box 360539, San Juan, PR 00936-0539, requesting evidence and additional information as following:

> *"This is to acknowledge receipt of your Claims and Petitions for the properties described above. The U.S. Postal Inspection Service located in Guaynabo, Puerto Rico, will be forwarding a recommendation to the Department of Justice, U.S. Attorney's Office, District of Puerto Rico, once an administrative investigation is complete.*
>
> *You claimed ownership of both properties; however, neither of the two parcels' label bared your name as the recipient, nor did any of the two parcels contained a note, letter, receipt, or any other indication they were intended for you. For this reason, we are requesting you provide the following evidence and/or information:*
>
> *1. Provide a statement from Maria Zayas with the following:*
>
>  *a. Her complete address and telephone number.*
>
>  *b. Description of what was sent in the parcel; to whom the parcel was addressed to; the purpose; the method of concealment of the property; and her association or relationship to you.*

   c. *Evidence of the legitimacy and origination of the currency found in the parcel bearing her name, Maria Zayas, as the sender.*

   d. *Proof of employment.*

2. *Provide a statement from Sebastian Denton with the following:*

   a. *His complete address and telephone number.*

   b. *Description of what was sent in the parcel; to whom the parcel was addressed to; the purpose; the method of concealment of the property; and his association or relationship to you.*

   c. *Evidence of the legitimacy and origination of the currency found in the parcel bearing his name as the sender.*

   d. *Clarify why Mr. Denton was the sender of one of the parcels and the recipient of the other parcel.*

   e. *Proof of employment.*

3. *Provide a statement from Bernie Cintron with the following:*

   a. *Complete address and telephone number.*

   b. *Description of what he was expected in the parcel, the purpose, and his association or relationship to you.*

4. *Provide copy of your latest tax filling documents.*

5. *Provide proof of employment.*

   *Provide the information **no later than 10 days after first receipt of this letter**. You can send it via eMail: LDGonzalezMaldonado@uspis.gov; or via FAX, 787-782-8296."*

On May 9, 2018, a reply letter was received from Luz Zayas in the U.S. Postal Inspection Service, San Juan Field Office stating, in summary, that she did not want to be involved in a legal case.

9

The statutory provisions pursuant to which the assets are subject to seizure and forfeiture are as follow:

a. 18 U.S.C. § 981 (a) (1) (C) – Civil Forfeiture - The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

b. 21 U.S.C. § 881 (a) (6) – All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

c. 18 U.S.C. § 1956 (a) (2) – Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States— **(A)** with the intent to promote the carrying on of specified unlawful activity; or **(B)** knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part— **(i)** to conceal or disguise the nature, the location, the source,

the ownership, or the control of the proceeds of specified unlawful activity; or **(ii)** to avoid a transaction reporting requirement under State or Federal law, shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense described in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

d. 21 U.S.C. § 841 (a) (1) – Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally— (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

e. 21 U.S.C. § 843 (b) - It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

    f. 21 U.S.C. § 846 – Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Based on the facts (1) of the suspicious manner in which defendant money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) of the substantial amount of cash involved, $14,000.00 from PARCEL #1, and $8,000.00 from PARCEL #2; (3) the dog sniff - a trained narcotics canine, who alerted positive to the package; (4) both parcels, were mailed with the same return address; however, PARCEL #1 was mailed from Kissimmee Florida 34741 on February 20, 2018; and PARCEL #2 was mailed from Kissimmee, Florida 34744 on February 20, 2018; (4) suspicious activity for money laundering and structuring was found related to the claimant/petitioner; (5) the claimant/petitioner, Luz D. Zayas, was not the addressee of any of the two parcels; the two parcels did not include any document indicating they were intended for her; (6) the claimant/petitioner did not provide evidence of ownership and cannot be considered the rightful owner of the properties. The undersigned believes that the combined total amount of $22,000.00 in U.S. Currency seized from parcel EL923025274US and parcel EL923034599US, are subject to forfeiture pursuant to the above-mentioned statutory provisions.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

In San Juan, Puerto Rico, this 15th day of June 2018.

                                                  Brian C. Thompson
                                                U.S. Postal Inspector
                                                USPIS

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$14000.00 AND $8,000.00 IN U.S. CURRENCY,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maritza González-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 981; 21 U.S.C. § 881 (a) (6); 18 U.S.C. § 1956; 21 U.S.C. §§ 841, 843 (b) and 846
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6/15/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Maritza González

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)
   US v. $14,000.00 and $8,000.00 in U.S. Currency.

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE  —  CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES    [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES    [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES    ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.: USDC # 208801

ATTORNEY'S NAME: Maritza González-Rivera

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR    ZIP CODE 00918

TELEPHONE NO.: 787-766-5656